# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-2770

_____

Angelica Romero-Romero; D.R.R.; K.R.R.; Ismael Romero-Romero; Liseth
Claudia Romero-Romero; Judith Mischel Romero-Romero

*Petitioner*s

v.

Todd Blanche, Acting Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 29, 2026
Filed: July 15, 2026
[Unpublished]

_____

Before LOKEN, L.R. SMITH, and KELLY, Circuit Judges.

_____

_____

[1]Todd Blanche is automatically substituted as respondent in place of Pamela
Bondi pursuant to Federal Rule of Appellate Procedure 43(c)(2).

PER CURIAM.

Guatemalan citizens Angelica Romero-Romero (Romero-Romero) and her children D.R.R, K.R.R., Ismael Romero-Romero, Judith Mischel Romero-Romero, and Liseth Claudia Romero-Romero petition for review of an order of the Board of Immigration Appeals (BIA).[2] The BIA affirmed an immigration judge's denial of asylum and withholding of removal. Romero-Romero challenges the agency's determination that she failed to show the Guatemalan government was or would be unable or unwilling to control the private actor she fears.

We previously denied the government's motion to summarily deny the petition on timeliness grounds, and we decline to revisit that ruling. As to the merits of Romero-Romero's claims, we conclude substantial evidence supports the agency's finding that she failed to show the Guatemalan government was or would be unable or unwilling to control the private actor she fears, considering her failure to report the abuse to authorities and the lack of documentary evidence indicating that the government had failed to protect evangelical Christians. See Galloso v. Barr, 954 F.3d 1189, 1191-93 (8th Cir. 2020) (explaining the standard of review; affirming the adverse finding when petitioner testified she had never contacted police to report the domestic abuse, and she relied on general country reports that did not support her particular situation); Valioukevitch v. INS, 251 F.3d 747, 749 (8th Cir. 2001) (upholding adverse finding because petitioner had not shown the government was unable or willing to control the religious majority, and country reports indicated the government respected its citizens' guarantee of religious freedom). Furthermore, while she argues it would have been futile to report the abuse, we agree with the government that her argument is unexhausted because it is based on facts and

---

[2]D.R.R, K.R.R., Ismael, and Judith were derivative applicants on Romero-Romero's asylum application. Liseth filed a separate application, but her claims were based on the same facts as Romero-Romero's claims. See 8 U.S.C. § 1158(b)(3)(A)-(B); Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam).

arguments that were not presented in the counseled agency proceedings. <u>See</u> 8 U.S.C. § 1252(b)(4)(A) (limiting judicial review to administrative record), (d)(1) (requiring administrative exhaustion); <u>Santos-Zacaria v. Garland</u>, 598 U.S. 411, 423 (2023) (discussing exhaustion requirement); <u>Essel v. Garland</u>, 89 F.4th 686, 691 (8th Cir. 2023) (enforcing court-imposed exhaustion requirement). The agency's adverse finding regarding the Guatemalan government's ability or willingness to protect her was dispositive of the claims for asylum and withholding of removal. <u>See</u> <u>Coreas-Chavez v. Garland</u>, 52 F.4th 413, 416 (8th Cir. 2022).

     Accordingly, we deny the petition for review. <u>See</u> 8th Cir. R. 47B.

_____